COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


CLAIRE L. ROTH
                                    MEMORANDUM OPINION*
v.    Record No. 1422-01-1              PER CURIAM
                                     OCTOBER 30, 2001
THE LEE GROUP/LEE STAFFING RESOURCES AND
 TWIN CITY FIRE INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Claire L. Roth, pro se, on briefs).

             (Allen Lotz; Huff, Poole & Mahoney, P.C., on
             brief), for appellees.


     Claire L. Roth (claimant) contends that the Workers'

Compensation Commission erred in finding that she failed to

prove that she sustained an injury by accident arising out of

and in the course of her employment on September 9, 1999.[1]  Upon

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] In her brief, claimant raises twenty-four questions
presented.  Our review of the brief and the record indicates
that questions one through twenty-three deal with the issue of
whether claimant proved she sustained an injury by accident.
Accordingly, we will address those questions together.  Question
twenty-four pertains to whether claimant's counsel provided
effective representation.  This Court is not the proper forum
for consideration of this issue.  Therefore, we will not address
it on appeal.  We also note that we do not consider any evidence
on appeal that was not before the commission.  Moreover, we find
no evidence to support claimant's bare allegation that the
transcript of the hearing is missing substantial amounts of
testimony.

reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant did not prove that she was injured as a result of a specific incident at work on September 9, 1999. As the basis for its decision, the commission made the following findings:

> Although the claimant testified that a specific incident occurred on September 9, 1999, the preponderance of the evidence does not support her testimony. The claimant wrote on the "LSR Employee Accident Statement" that she hurt her right arm after performing various activities such as filing, opening mail, using the computer mouse, and stapling. The [Employer's First Report of Accident] also reflects that the claimant used her arm more than usual while

- 2 -

filing and opening mail. [John C.] Donnelly, [Michael J.] Wozniak, and [Melissa] Singleton denied that the claimant told them about a specific injury by accident. However, Donnelly and Wozniak recalled that the claimant related her pain to repetitive job activities. Hardison testified that the claimant told her in late-October 1999 about a specific incident that caused her pain; however, this discussion occurred after the claimant told her that she felt right arm pain after performing various repetitive activities at work.

Furthermore, the initial medical reports do not support the claimant's testimony about a specific incident. Several health care providers noted that the claimant's pain began after performing repetitive work activities such as filing and mailing. None of the medical reports reflect that the claimant suffered a specific event or sudden onset of pain until several months after the alleged accident.

As fact finder, the commission was entitled to accept the testimony of employer's witnesses and to reject claimant's testimony that a specific incident occurred. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). In this instance, the issue of whether claimant sustained an injury due to a specific identifiable incident occurring at work on September 9, 1999 was entirely dependent upon the credibility of the witnesses. The commission, in considering the testimony of the witnesses, found that claimant's evidence was insufficient to establish her claim. In light of the inconsistencies between

her testimony, the written reports of her injury, and the testimony of employer's witnesses, coupled with the lack of any history of a specific incident in the medical records until several months after the alleged accident, we cannot say, as a matter of law, that claimant's evidence sustained her burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.